J. F. STOUT v. A. J. LUSK *et al.*

No. 674.* (59 Pac. 603.)

NATIONAL BANKS—*Reception of Deposits—Insolvency—State Laws.* The provisions of chapter 47, Laws of 1879 (Gen. Stat. 1897, ch. 18, § 74; Gen. Stat. 1899, § 471), entitled "An act making officers of banking institutions responsible for the reception of deposits or the creation of debts, when such bank is insolvent or in a failing condition," are not applicable to national banks and their officers.

Error from Reno district court; F. L. MARTIN, judge. Opinion filed January 11, 1900. Affirmed.

*Wright & Stout,* for plaintiff in error.
*H. Whiteside,* and *F. F. Prigg,* for defendants in error.

The opinion of the court was delivered by

MILTON, J. : This action was begun on November 24, 1894, in the district court of Reno county, by the plaintiff in error against the defendants in error, to recover, under chapter 47, Laws of 1879, a balance of $670.75 alleged to be due on account of certain depos-

---

*Petition for order to certify denied by supreme court March 10, 1900.—REP.

its of money made by the plaintiff in the Hutchinson
National Bank, of which the defendants were direct-
ors and other officers.   The petition alleged that the
deposits were made at various dates from March 31 to
October 3, 1892, at which time a receiver for the bank
was appointed by the comptroller of currency of the
United States, and that at the times of receiving such
deposits the bank was insolvent and in failing circum-
stances, of which fact each of the defendants at such
times had knowledge.   The case was tried by the court,
and the defendants' objection to the introduction of
evidence was sustained, the grounds thereof being
that the petition did not state facts sufficient to con-
stitute a cause of action, and that the court had not
jurisdiction of the subject-matter of the action.   The
title and section 1 of said chapter 47 read as follows:

"An act making officers of banking institutions responsible for
the reception of deposits or the creation of debts, when such bank is
insolvent or in a failing condition.

"SECTION 1.   It shall be unlawful for any president,
director, manager, cashier, or other officer of any
banking institution, to assent to the reception of de-
posits or the creation of debts by such banking insti-
tution, after he shall have had knowledge of the fact
that it is insolvent or in failing circumstances; and
it is hereby made the duty of every such officer, agent
or manager of such banking institution to examine
into the affairs of the same, and, if possible, know its
condition.   And upon failure of any such person to
discharge such duty he shall, for the purpose of this
act, be held to have had knowledge of the insolvency
of such bank, or that it was in failing circumstances.
Every person violating the provisions of this section
shall be individually responsible for such deposits so
received, and all such debts so contracted: provided,
any director who may have paid more than his share
of the liabilities mentioned in this section may have
the proper remedy at law against such other persons
as shall not have paid their full share of such liabili-

ties." (Gen. Stat. 1897, ch. 18, § 74; Gen. Stat. 1899, § 471.)

The principal question presented in this case is whether the foregoing act is broad enough to include national banks and their officers. The supreme court of this state has held that chapter 43, Laws of 1891, which is a comprehensive act providing for the organization and regulation of banks within this state, has no application to national banks and that the penalties therein prescribed are not operative as against national banks. Although the question before us is not free from difficulty, we have concluded that the decision of the trial court, holding the provisions of said chapter 47 not applicable to national banks and their officers, was correct. The national banking act is very broad in its scope and minute in its provisions. In its enactment congress evidently intended to cover all phases of the subject-matter in hand. It is obvious also that congress intended that the regulation and control of national banks should be by officers of the national government and free from interference by officers of the various states acting under state laws. This was the view taken by the supreme court of Pennsylvania in the *Appeal of Allen*, 119 Pa. St. 199, 13 Atl. 70, where it was said:

"The national banks, as was observed in Torrey's case, are the creatures of another sovereignty. The national banking act and its supplements create a complete system for the government of those institutions. Conceding the power of congress to create this system, I am unable to see how it can be regulated or interfered with by state legislation."

See, also, *Farmers' &c. Nat. Bank v. Dearing*, 91 U. S. 29, 23 L. Ed. 196. The judgment of the district court will be affirmed.